IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2018 JAN 17  AM 10: 29

DEPUTY CLERK

| | |
|---|---|
| MORRIS S. LALEZARIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MARCUS & MILLICHAP REAL ESTATE ) | |
| INVESTMENT SERVICES, INC., et al., ) | |
| ) | |
| Defendants. ) | Civil Action No. 3:16-CV-2990-C |

## ORDER

On this day, the Court considered Plaintiff's Motion for Leave to Amend his Complaint

to Include Newly-Discovered Facts, filed December 8, 2017, and Defendants' Response to

Plaintiff's Motion to Amend, and in the Alternative, Motion for Leave to File a Supplemental

Motion for Summary Judgment, filed December 21, 2017.[1]

Rule 15(a) requires a trial court to grant leave to amend "freely," and its language

demonstrates a bias in favor of granting leave to amend. *Legate v. Livingston*, 822 F.3d 207, 211

(5th Cir. 2016); Fed. R. Civ. P. 15(a)(2). However, leave to amend is not automatic, and

decisions concerning motions to amend are left to the discretion of the court. *Quintanilla v. Tex.*

*Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998). In exercising such discretion, courts in the

Fifth Circuit look to the following five factors: (1) undue delay; (2) bad faith or dilatory motive;

---

[1] Plaintiff filed a Reply in Support of His Motion for Leave to Amend His Complaint on
January 2, 2018, without leave. "The Court will entertain only motions and responses but no
replies unless otherwise ordered." Judge Specific Requirements for Senior District Judge Sam R.
Cummings II.B (available at www.txnd.uscourts.gov/judge/senior-district-judge-sam-cummings).
Accordingly, Plaintiff's Reply was not considered.

(3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). But when leave to amend is sought after the Court's deadline for amending pleadings has passed, a party must first demonstrate good cause for needing an extension of the deadline. *E.E.O.C. v. Service Temps, Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012). "The four factors relevant to good cause are: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal quotations omitted).

Having considered the arguments of the parties and carefully weighed each of the above factors, the Court is of the opinion that Plaintiff's Motion should be **GRANTED**. **The Clerk of the Court is directed to file Plaintiff's First Amended Complaint (attached to Plaintiff's motion as Document 63–1) as of the date of this Order**. Defendants' Alternative Motion for Leave to File a Supplemental Motion for Summary Judgment is **GRANTED** in the sense that the Court will allow the filing of a second motion for summary judgment following amendment of the live pleadings.

The following motions are rendered moot by the filing of Plaintiff's First Amended Complaint and are therefore each **DENIED AS MOOT**: (1) Defendants' Motion to Extend the Deadline to Amend their Answer and for Leave to File a Second Amended Answer, filed October 9, 2017; (2) Defendants' Motion for Summary Judgment, filed October 13, 2017; and (3) Plaintiff's Motion for Leave to Amend Summary Judgment Response and Appendix and, in the Alternative, to Accept Late-Filed Appendix, filed November 21, 2017.

2

Finally, the Court sets the following deadlines to amend or supplement those set by the

Court's Scheduling Order in this case:

>   (1)  Defendants shall answer Plaintiff's First Amended Complaint no later than
>   3:00 p.m. on January 22, 2018;

>   (2)  Any motions for summary judgment must be filed by 3:00 p.m. on
>   January 26, 2018, with any responses filed by 3:00 p.m. on February 9, 2018.[2]  No
>   replies will be considered unless otherwise ordered.

This case remains set for trial on April 2, 2018, and the parties are expected to comply

with all other deadlines and instructions contained in the Court's Scheduling Order.

SO ORDERED this _17th_ day of January, 2018.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

---

[2]Defendants' Motion for Summary Judgment, filed October 13, 2017, has been denied as moot, without prejudice to the filing of a new motion by the January 26 deadline.

3